```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
                         ROCK HILL DIVISION
```

| | | |
|---|---|---|
| Isaac Daryl Washington, | ) | |
| | ) | C/A No.: 0:08-cv-03170-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court to review Magistrate Judge Paige J. Gossett's Report and Recommendation made in accordance with 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(a), filed October 26, 2009. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The magistrate recommends affirming the Commissioner's decision denying benefits to Plaintiff because the Commissioner's decision was supported by substantial evidence. For the reasons stated herein, the Court adopts the Report and Recommendation in its entirety.

## Background

Plaintiff, a thirty-five-year-old man, filed an application for DIB and SSI on June 14, 2005, alleging disability beginning June 1, 2004, due to a thyroid disorder.

The Commissioner denied Plaintiff's application originally and on reconsideration. (Tr. at 76-77.) The Administrative Law Judge ("ALJ") held a hearing at Plaintiff's request on October 8, 2007, and ultimately denied Plaintiff's claim on November 30, 2007. (Tr. at 18-39.) The Appeals Council denied Plaintiff's request for review on July 18, 2008, rendering the ALJ's opinion the final decision of the Commissioner for purposes of judicial review. (Tr. at 3-5.) Plaintiff filed this civil action for judicial review on September 16, 2008.

## **Standard of Review**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The plaintiff filed objections to the magistrate's Report and Recommendation on November 12, 2009.

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitute the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971). The Court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review

contemplates more than an uncritical rubber stamping of the administrative action."
*Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). However, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## Discussion

Plaintiff's "objections" mostly rehash his initial arguments before the magistrate. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time. To the extent Plaintiff raises cognizable and specific objections to the magistrate's Report and Recommendation, those objections are addressed below.

A.  Residual Functional Capacity

Plaintiff appears to object to the magistrate's finding that substantial evidence supported the ALJ's assessment of Plaintiff's residual functional capacity ("RFC"). However, Plaintiff fails to point to any specific error in the magistrate's analysis, and merely reiterates his argument that the ALJ erroneously determined Plaintiff was

capable of medium work. (Pl.'s Obj. at 2-3, Dkt. No. 28.) However, as the magistrate correctly explained, the ALJ found that Plaintiff was not capable of performing all aspects of medium work and adjusted his RFC accordingly. (Mag.'s Rep. and Rec. at 6-7, Dkt. No. 27.) Additionally, Plaintiff does not actually dispute the limitations included in his RFC. (*Id*. at 7.) Therefore, this objection is without merit.

B.  Treating Physician

Plaintiff also objects to the magistrate's finding that substantial evidence existed to support the ALJ's decision to accord the opinion of Plaintiff's treating physician, Dr. Sherif Yacob Wasef, less than full weight. Plaintiff's makes four arguments in support of this objection.

First, Plaintiff argues that the ALJ committed error by determining Dr. Wasef's opinion was vocational rather than medical. However, as the magistrate properly noted, even if the ALJ committed error in his determination, this error was harmless because there were several other reasons to give less weight to Dr. Wasef's opinion. (Mag.'s Rep. and Rec. at 10 n.1.)

Second, Plaintiff argues that objective medical evidence existed to support Dr. Wasef's claim that Plaintiff suffered from a disabling thyroid disorder. However, the medical tests cited by Plaintiff do nothing more than affirm he suffered from ailments consistent with Graves' disease. This does not inherently say anything about Plaintiff's functional limitations. *See, e.g.*, *Patterson v. Astrue*, 324 Fed.

App'x 419, 422 (5th Cir. 2009) (finding that substantial evidence showed that claimant who suffered from Graves' disease and bipolar disorder could perform past relevant work); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (affirming denial of Social Security disability benefits, in spite of claimant's Graves' disease, because substantial evidence existed to support lower court's decision); *Johnston v. Apfel*, 210 F.3d 870, 871 (8th Cir. 2000) (affirming denial of Social Security supplemental benefits where claimant suffered from Graves' disease). Although the tests also revealed tremors on certain occasions, this too only goes to the degree of Plaintiff's functional limitations. It does not support a finding that Plaintiff was unable to work at all.

Third, Plaintiff argues that to the extent Dr. Wasif's opinion was based on Plaintiff's subjective complaints, the ALJ erred by determining Plaintiff's subjective complaints were unreliable. Plaintiff claims that because Dr. Wasef never doubted Plaintiff's subjective complaints, it was improper for the ALJ to reject them. However, the ALJ properly considered Plaintiff's testimony and found that his subjective complaints were inconsistent with the objective medical evidence.

"In analyzing a claimant's subjective complaints, such as pain, an ALJ must consider: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the condition; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions." *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir.2001) (citing *Polaski v. Heckler*, 739 F.2d 1320,

1322 (8th Cir.1984)). Work history and absence of objective medical evidence is also relevant. *Brown v. Barnhart*, 390 F.3d 535 (8th Cir. 2004).

The ALJ appears to have agreed that Plaintiff was in pain, but found the pain less severe than Plaintiff alleged because of Plaintiff's daily routine and the lack of objective medical evidence as discussed above. Additionally, the ALJ's own observations during the hearing contradicted Plaintiff's alleged complaints. *See Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) ("Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight.") Therefore, the Court finds the ALJ properly considered Plaintiff's subjective complaints.

Fourth, Plaintiff contends that the ALJ failed to properly explain the weight given to the opinion of Plaintiff's treating psychiatrist, Dr. Ray Hodges, in assessing Plaintiff's RFC. Plaintiff claims the ALJ violated Social Security Ruling 96-8p, which requires that an "RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."

However, the ALJ did explain that in reaching his RFC he considered Dr. Hodges's opinion, specifically his finding that Plaintiff "was articulate, bright, and insightful. (*See* Tr. at 24.) As he argued before the magistrate, Plaintiff contends that because Dr. Hodges assigned Plaintiff a Global Assessment of Function ("GAF")

rating of 45.2, this by definition shows Plaintiff was "unable to keep a job."(Pl.'s Obj. at 8.) However, the Parties agree that a GAF rating of 41-50 is defined as "[s]erious symptoms (*e.g.*, suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (*e.g.*, no friends, unable to keep a job)." (Def.'s Br. at 15, Dkt. No. 23; see also Pl.'s Br. at 6, Dkt. No. 21.) Accordingly, Plaintiff's GAF rating does not intrinsically mean he is unable to keep a job. The ALJ found that given Dr. Hodges finding regarding Plaintiff's mental acuity, coupled with the lack of emergency treatment or inpatient hospitalization, Plaintiff did not have a mental impairment that would preclude full-time work. (Tr. at 24.) *See also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("[O]n review the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."). Therefore, Plaintiff's objection is without merit.

## Conclusion

The Commissioner does not dispute that Plaintiff suffers from severe impairments. However, Plaintiff did not show that his impairments were so functionally limiting as to preclude him from performing *any* substantial gainful activity as required by the act. *See* 42 U.S.C. § 423(d)(1)(A) (emphasis added). *See also Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (holding pain is not disabling *per se*).

After a review of the magistrate's Report and Recommendation and the facts and record of this case, this Court finds that the report is based upon the proper law and substantial evidence exists to support the findings. Accordingly, the Report and Recommendation is accepted and adopted by this Court in its entirety.

IT IS THEREFORE ORDERED that the decision of the Commissioner is AFFIRMED.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February 2, 2010
Anderson, South Carolina